IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOUSING AUTHORITY OF BALTIMORE CITY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. GLR-16-263 |
| v. | * | |
| | * | |
| ERICA S. WHITE, | * | |
| | * | |
| Defendant. | * | |
| HOUSING AUTHORITY OF BALTIMORE CITY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. WMN-16-383 |
| v. | * | |
| | * | |
| ERICA S. WHITE, | * | |
| | * | |
| Defendant. | * | |
| HOUSING AUTHORITY OF BALTIMORE CITY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. WMN-16-384 |
| v. | * | |
| | * | |
| ERICA S. WHITE, | * | |
| | * | |
| Defendant. | * | |
| HOUSING AUTHORITY OF BALTIMORE CITY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. GLR-16-890 |
| v. | * | |
| | * | |
| ERICA S. WHITE, | * | |
| | * | |
| Defendant. | * | |

| | |
|---|---|
| HOUSING AUTHORITY OF BALTIMORE CITY, | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v. | * Civil Action No. GLR-16-891<br>*<br>* |
| ERICA S. WHITE, | *<br>* |
| Defendant. | * |

### **MEMORANDUM OPINION**

Pending before the Court are Plaintiff's, Housing Authority of Baltimore City ("HABC"), Motion to Remand (ECF No. 5) and Motions for Consolidation and Adoption of Motion to Remand and/in the Alternative Dismiss (ECF No. 10); (WMN-16-383, ECF No. 3); (WMN-16-384, ECF No. 3).

### I.  BACKGROUND

Defendant Erica White[1] is the defendant in several suits initiated by HABC in the District Court of Maryland for Baltimore City for failure to pay rent.[2] On January 29, 2016, White filed a notice to remove case 2016014300303291 to this Court. (ECF No. 1). On February 10, 2016, White filed notices to remove cases 2016014300303292 and 2016014200201561 from the District Court of Maryland for Baltimore City. Hous. Auth. of Balt. City v. White, No. WMN-16-383 (D.Md. filed Feb. 10, 2016); Hous. Auth. of Balt. City v. White, No. WMN-16-384 (D.Md. filed Feb. 10, 2016). On March 24, 2016, White filed notices to remove cases

---

[1] White identifies herself as an attorney who is "winding down" her practice because she is the process of a disciplinary proceeding. See Hous. Auth. of Balt. City v. White, No. JFM-15-3568 (D.Md. Dec. 3, 2015).

[2] On November 23, 2015, White filed her first Notice to Remove a rent dispute. See White, No. JFM-15-3568. She removed Case No. 2015014400430225 from the District Court of Maryland for Baltimore City to this Court. Id. On December 3, 2015, this Court found no basis to exercise jurisdiction and remanded the matter to the district court. Id. White has noted an appeal to the United States Court of Appeals for the Fourth Circuit.

2

2016014300308193 and 2016014200205139 from the District Court of Maryland for Baltimore City. Hous. Auth. of Balt. City v. White, No. GLR-16-890 (D.Md. filed Mar. 24, 2016); Hous. Auth. of Balt. City v. White, No. GLR-16-891 (D.Md. filed Mar. 24, 2016).

## II.    DISCUSSION

### A. Motions to Proceed in Forma Pauperis

White filed Motions to Proceed in Forma Pauperis in three cases. (ECF No. 3); (WMN-16-383, ECF No. 3); (WMN-16-384, ECF No. 3). White provided financial information demonstrating her indigence. Although White neither filed to proceed in forma pauperis nor paid the filing fees in the March 24, 2016 cases, the Court shall grant her leave to proceed in forma pauperis in all five cases for the purpose of preliminary review.

### B. Motions to Consolidate

All five cases involve the same facts, arguments, and parties. They differ slightly as each is premised on a separate failure to pay rent case filed by HABC against White in the District Court of Maryland for Baltimore City. HABC filed Motions to Consolidate in GLR-16-263,[3] WMN-16-383, and WMN-16-384, and in the interest of judicial economy, the Motions will be granted. (ECF No. 10); (WMN-16-383, ECF No. 6); (WMN-16-384, ECF No. 7). Because cases GLR-16-890 and GLR-16-891 also involve the same questions of fact and law, the Court will consolidated the cases under GLR-16-263.

### C. Motion to Remand

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction" may be removed by the defendant "to the federal district where

---

[3] On January 29, 2016, default judgments were entered in HABC's favor on the underlying failure to pay rent after White failed to appear for trial. (ECF No. 5-4). As HABC notes, there is no pending state court matter to be removed to federal court. (ECF No. 5). There is no pending state court matter in case 2016014300303291 to be removed.

3

the action is pending." 28 U.S.C. §1441(a) (2012). White asserts this Court has original jurisdiction over these cases pursuant to 42 U.S.C. § 1983 (2012). Specifically, she claims the rent she was charged as of April 2015 exceeded the permissible amount allowed under the Brooke Amendment of the United States Housing Act, 42 U.S.C. §§ 1437(a), et seq., and Maryland law. (ECF No. 1). The amount in controversy is $5,432.00 in unpaid rents and "other amounts to be determined." (Id.). White claims HABC failed to reduce her rent or offer her assistance when she became ill and required surgery in April 2015, and HABC impermissibly pursued summary ejectment proceedings against her in state district court for her failure to her rent. (Id.).

Federal law confers on a public housing tenant the right to remain in public housing so long as the tenant pays rent and refrains from actions deemed to be "serious or repeated violation of the terms or conditions of the lease or ... other good cause." 42 U.S.C. § 1437d(l)(5). In Maryland, if a tenant fails to pay rent, he or she is subject to summary ejectment proceedings in the district court of the county where the property is located. Md. Code Ann., Real Prop. § 8-401(a), (b)(1) (West 2015). The tenant or landlord may appeal from the judgment of the district court to the county circuit court. Id. § 8-401(f)(1). White does not assert, nor does the record show, that the matters under consideration here have been appealed by White to the Circuit Court for Baltimore City, Maryland.

White removed these rent actions for alleged violations of federal law related to the calculation of her rent obligation. White's attempt to enjoin her eviction, or otherwise dispute the fact that her rent is overdue, must be heard in the District Court of Baltimore City as provided by Maryland law. White cannot convert what is essentially a state rent court dispute

into a federal question by citing federal statutes. In sum, there are no grounds for removal or for this Court to assert federal question jurisdiction over a state court rent dispute.

Further, to the extent White seeks to appeal the determination that her rent is untimely or overdue, her recourse is in the state courts. "Under the Rooker-Feldman doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Smalley v. Shapiro & Burson, LLP, 526 F.App'x 231, 235 (4th Cir. 2013) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). Because White is requesting this Court to review the state court's judgments regarding her overdue rent, the Court finds this action is barred by the Rooker-Feldman doctrine. Accordingly, the Court will grant the Motion to Remand.

### III. CONCLUSION

For the reasons stated above, the Motions to Proceed in Forma Pauperis (ECF No. 3); (WMN-16-383, ECF No. 3); (WMN-16-384, ECF No. 3) are GRANTED. The Motions for Consolidation and Adoption of Motion to Remand and/in the Alternative Dismiss (ECF No. 10); (WMN-16-383, ECF No. 6); (WMN-16-384, ECF No. 7) are GRANTED. The Motion to Remand (ECF No. 5) is GRANTED. Cases GLR-16-263, WMN-16-383, WMN-16-384, GLR-16-890, and GLR-16-891 are CONSOLIDATED and REMANDED to the District Court of Maryland for Baltimore City. The Clerk shall CLOSE these cases. A separate order follows.

Entered this 5th day of April, 2016

                                                                                          /s/
                                                            _____
                                                            George L. Russell, III
                                                            United States District Judge